UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HUBERT D. WILLIAMS,

               Petitioner,

        v.                    CAUSE NO.: 3:18-CV-951-RLM-MGG

WARDEN,

               Respondent.

OPINION AND ORDER

Hubert D. Williams, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 18-8-493) at the Westville Correctional Facility in which a disciplinary hearing officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense B-202. He was sanctioned with a demotion in credit class. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Williams argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to find him guilty. He says the leafy brown substance found in his cell wasn't tested to confirm that it was a controlled substance.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still

> must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). The administrative record includes a conduct report that indicated that a partially opened tea bag with a brown substance was found hanging from the window behind the headboard on Mr. Williams's bed. This evidence isn't conclusive, but that the tea bag was opened suggests that its contents were altered in some fashion, and the location in which it was found suggests that Mr. Williams meant to conceal it. That points to Mr. Williams's guilt and constitutes some evidence. Further, while the right to procedural due process affords Mr. Williams specific rights for disciplinary proceedings, the right to scientific verification isn't included among them. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by Wolff). Therefore, the claim that the hearing officer lacked sufficient evidence to find him guilty is not a basis for habeas relief.

Mr. Williams also argues that the hearing officer wasn't an impartial decisionmaker. He says the hearing officer's bias was demonstrated by his refusal to continue the disciplinary hearing and to test the leafy brown substance. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved

in the underlying incident from acting as a decisionmaker in the case. Id. Due process isn't violated just because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. Id. While the hearing officer might have refused the requests and found Mr. Williams guilty, there is no indication that he was involved with the underlying charge, that he had a personal interest in the result of the hearing, or that he based his decision on anything other than the administrative record. As a result, the claim that the hearing officer was not an impartial decisionmaker is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Mr. Williams isn't entitled to habeas relief, the court denies the petition. If Mr. Williams wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Hubert D. Williams leave to proceed in forma pauperis on appeal.

SO ORDERED on March 28, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT